and Antonio Campuzano. May it bless the court, my name is Chris Carlston and I represent the petitioner Antonio Campuzano. The Board of Immigration Appeals committed two errors in this case. The first error was allowing the petitioner's admission of guilt made after the initial Romney's removability finding to be used to establish the Department of Homeland Security satisfying its burden to prove by clear and convincing evidence the petitioner's removal. Even though the BIA conceded, the criminal conviction documents were not properly authenticated in accordance with the statute. The second error was finding that Texas Penal Code 21.11a.1 is a categorical match to the generic definition of a crime of child abuse. Even though the minimum conduct punished under the Texas statute is over-broad from the generic definition of child abuse. Removal hearings in immigration court are divided into two parts. In the first part, the burden is on the Department of Homeland Security to establish by clear and convincing evidence a lawful permanent resident is removable from the United States. If DHS fails to prove by clear and convincing evidence that a lawful permanent resident is removable, then removal proceedings are terminated. If DHS does prove that a lawful permanent resident is removable from the United States, then removal proceedings continue to the next stage where a lawful permanent resident submits an application for relief against removal. In order for the Department of Homeland Security to meet its burden, Congress set forth a list of documents that DHS may provide to the immigration court to prove removability. Congress stated these documents shall be evidenced by an official publication or by a copy attested by the official having legal custody or the record by an authorized deputy. Now for criminal conviction documents that are obtained through electronic means by the Department of Homeland Security, Congress added additional requirements to authenticate those documents. Congress required that the Department of Homeland Security submit certification from the DHS officer who obtained the documents certifying that these are court records and also submit the certification from an officer at the state repository or the court clerk in charge of the documents certifying that the documents are correct. In Petitioner's case, DHS failed to do either of those. Let me ask a question. If we grant relief today, are they free tomorrow to have another hearing? Yes, Your Honor. If the court agrees that the Department of Homeland Security did not submit the applications or the conviction documents in accordance with the statute and that the BIA committed an error in allowing those documents to be admitted, then a new hearing would be conducted for response. And are you saying that they would not be able to prove up the judgment? If the Department of Homeland Security was able to submit documents that complied with the statute, then they would be able to prove it. Are you saying they cannot? I am saying that in this moment, they did not. So I'm not saying, no, Your Honor, to answer your question directly. They could have a hearing Monday. I'm saying Monday they can submit documents certified by the DHS officer who obtained the documents, and they can provide documents by the state repository or officer that's in charge of the documents, the state court clerk, confirming that those documents are in fact what they attest to be. So, yes, Your Honor, I'm not saying that the government cannot provide these documents. They can in the future, but they didn't in this case, and that prejudice responded. So there's due process issues in that petitioner was prejudiced in this case because those documents were not properly authentic. Do I understand correctly that at least two circuits have said that the provision of that statute is not mandatory? Correct, Your Honor. The Ninth Circuit has said that the provision of that statute is not mandatory, that the documents can be authenticated in other ways. In the petitioner's case, the BIA presented a novel argument that DHS never did actually present a form of authentication during the first stage of removal procedure. Yeah, okay, and you're giving a fair answer to my question. I was specifically trying to focus on the fact that the Eighth and the Ninth Circuits have decided, contrary to your argument, that it's mandatory. Have any circuits agreed with you that it's mandatory? No, Your Honor. No. The reason I'm asking, I don't mean to keep interrupting you. You're making a good argument. I just want to understand, because if we were to agree with you on that point, we would be creating a circuit split. Is that fair to say? That's fair to say, but also with this case, it's novel in the sense that the other circuits pointed to authentication methods that were presented during the first stage of removal procedures. In this case, the Board of Immigration Appeals only pointed to authentication methods that occurred after the first stage of removal procedures. So, what the BIA said is that the authentication occurred during the second stage after removability was determined. So, what the BIA is saying is that petitioner statements made during the relief stage and his application for relief that was submitted after the finding of remissibility of removability was issued, should retroactively go back to help the Department of Homeland Security satisfy its burden to prove that petitioner is removable. There's not a statute that supports you. That reading of the BIA's decision, the BIA pointed to Matter of Alaska, but Matter of Alaska also does not specifically deal with this issue. Matter of Alaska only deals with admissions to guilt which occur during the first part of removal procedures, where the burden is on the Department of Homeland Security to prove by clear and convincing evidence that the lawful permanent resident is removable. The BIA's current reading in petitioner's case is so broad that it renders the statute 8 U.S.C. 1229.83a meaningless, the statute that puts the burden on the Department of Homeland Security meaningless, because if this court agreed with the Board of Immigration Appeals, then the Department of Homeland Security would not have to authenticate documents in any way. They would just submit documents and criminal conviction records, and then they would wait for proceedings to continue to the second part where they would just wait for the lawful permanent resident to admit guilt. And so the BIA's reading or decision seems to thwart the plain meaning of the statute. Respondent proposes that the documents were authenticated because they're public record. However, that argument is not exhausted. That was not presented to the Immigration Court, and it was not presented to the Board of Immigration Appeals. And it's also not a method of authentication that was listed in the statute. Moving to the second part, the BIA in determining that 21.11a categorically matches with a crime of child abuse. Now, there's not a lot of cases on point, and I refer to Matters of a Trivena, which is a case dealing with crimes involving malinterpreted and not crimes involving child abuse. The reason I did that was to point out that the BIA itself found that the minimum conduct involved in Texas Penal Code 21.11a is touching. Now, the BIA cited to Sullivan v. State. In Sullivan v. State, the Texas court determined that the minimum conduct was touching the chest of a boy. This wouldn't be part of the sexual organs or breast or genitalia that the BIA says would be sexual conduct. So the Texas statute and the Texas courts punish conduct that is outside the categorical or the generic definition of crime of child abuse. If there are no further questions, I'll yield back. Yes, you've saved time for rebuttal. Thank you. Mr. Remnitz?  You're going to need to just speak more slowly. We're having audio problems in the courtroom this week. It's not your fault, but you need to speak slowly and more loudly, please. Understood. May it please the court, Your Honor, I'm Tim Remnitz on behalf of the United States Attorney General. This relates to two issues before the court, authentication and whether or not this conviction constitutes a crime of child abuse. Attorney, the first issue, authentication, there's no reason for this court to revert from decisions of the Ninth Circuit and the Eighth Circuit, apart from those decisions in acceptance of the Respondent or Petitioner's authentication argument. First, as the Governor pointed out in this case, as I know he expects upon me, as he's Governor, these documents are publicly available. It's not a matter of exhaustion. It's a matter of futility. He doesn't challenge that these documents, which are publicly available on the Dallas County website, meet the statute and are authentic. He cannot. They are from the Court of Conviction. So I don't know what he hopes to gain upon me, ma'am, in this case. Secondly, there's no reason to depart from the Ninth Circuit and the Eighth Circuit because the Petitioner is simply wrong. As the court adopted, the Ninth Circuit's reason. This statute is a maximum standard, so it shall be admitted that it meets these authentication standards, but it doesn't say an exhaustive list of how to authenticate. It doesn't say this is the only way to authenticate. As the agency implements the regulations for the statute, subsection D states that it's not an exhaustive list, that you can use any manner that shows the documents reliably live and close to me, and I don't hear Petitioner making an ultramarious argument that that regulation is impermissible. So under the regulation, DHS managed to authenticate his document. They submitted this criminal record. Petitioner said he wasn't convicted of that crime, but then without understanding his merit theory, he admitted he was. He said, I was convicted of this crime. I was convicted as charged in the indictment. DHS and Edisburg are authenticating this case, and not only that, Petitioner himself submitted a cancellation removal application, but he also said I was convicted of this crime. There's no two stages of proceedings, as Petitioner states. Proceedings are ongoing about removability and relief up until the immigration judge's final decision. So in this case, DHS and Edisburg have shown these documents were authentic. The second issue in this case is that this crime constitutes a loophole offense. Specifically, a crime of child abuse. As the government noted, Garcia Ybarra completely encompasses this statute of conviction. There's no difference. The statute in Garcia Ybarra was Texas sexual assault. This statute is indecency for the child's sexual contact. The only difference is the statute in Garcia involves sexual penetration. This statute is sexual contact for the child. He cited a court of criminal appeals case, and I'm not sure that was in his briefing. It was not. He doesn't address Garcia Ybarra. But that case is what proposes all of his arguments, because there's no difference there. I will also note, just like Garcia Ybarra, the family law code in Texas also classifies this offense as a crime of child abuse. There's just nothing he can do to get around Garcia Ybarra. The only possible argument to be able to go to the right trial isn't in that either. But an abundance of caution was found to address that argument. And so the 20HA, or the court essentially, said we would still agree that's the best reading of the statute. The board's reading of the statute, even after what we've read. Unless the panel has any questions. Thank you, Mr. Remnitz. Mr. Carlston for rebuttal. Thank you. To address the Garcia Ybarra argument, Garcia Ybarra addresses a different provision of the Texas Penal Code. A provision where the minimum conduct is not touching the chest of a boy. The minimum conduct in the Garcia Ybarra case is that the conduct occurs between one's mouth or one's genitals with another. So this case is different than Garcia Ybarra. Garcia Ybarra does not control the reading of 21.11A1. Your Honor, we respectfully request that the court determine the proceedings primarily because the Department of Homeland Security fails to provide documents authenticated proving the petitioner is removable. And also because respondents did not commit a crime involving child abuse. Thank you. All right. Thank you, Mr. Carlston. Your case and both of today's cases are under submission and the court is in recess under the usual order.